**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-82129-CV-MIDDLEBROOKS/Matthewman

PREPARED FOODS PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

       Plaintiff,

v.

PATRIOT FINE FOODS LLC,

       Defendant.

_____/

**ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT**

THIS CAUSE comes before the Court on Plaintiff's Motion for Default Final Judgment ("Motion"), filed February 8, 2022. (DE 13). Defendant has not appeared and did not respond to this Motion. For the reasons set forth below, the Motion is granted in part.

## I.      BACKGROUND

Plaintiff's business consists of licensing professional photographs for the food industry. (DE 1 ¶ 6). Plaintiff's library consists of tens of thousands of professional images, which is accessible via a monthly subscription. (*Id.* ¶ 7). Plaintiff represents that it charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library. (*Id.* ¶ 9). Plaintiff's business model relies on this monthly subscription service; it does not license or sell individual photographs. (*Id.*).

Plaintiff represents that it owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by its customers. (*Id.* ¶ 10). To that end, Plaintiff represents that its standard terms include a limited, non-transferable license for use of any photograph by the customer only, and make clear that all

copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity. (*Id.*).

The photograph at issue is titled "RawBeefLondonBroil001_ADL" (the "Work").  (*Id.* ¶ 11). Plaintiff registered the Work with the Register of Copyrights (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) on January 11, 2017 and it was assigned Registration No. VA 2-026-514. (*Id.*; DE 1 at 10–17, Ex. A).

Defendant allegedly owns and operates an online wholesale delivery butcher shop in New Jersey through which it offers for sale more than 200 prime meats, seafood, produce, and gourmet items. (DE 1 ¶ 14). At some time after Plaintiff's January 11, 2017 copyright registration, Defendant published the Work on its website in connection with the sale of "USDA Prime Angus London Broil." (*Id.* ¶ 16). According to Plaintiff, Defendant is not and has never been licensed to use or display the Work. (*Id.* ¶ 19). Defendant allegedly never sought permission to use the Work in connection with the aforementioned use or for any other purpose. (*Id.*). Defendant utilized the Work for commercial use—namely, in connection with the sale of its beef products.  (*Id.* ¶ 20).

Plaintiff first discovered Defendant's unauthorized use of the Work in October 2021. (*Id.* ¶ 22). Plaintiff alleges that it notified Defendant in writing of its infringement and, "[t]o-date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work." (*Id.*). In addition to Plaintiff's written notice to Defendant of the unauthorized use, Plaintiff alleges that the professional stock photography would have put Defendant on notice that the Work was not intended for public use. (*Id.* ¶ 19).

Plaintiff initiated this action for copyright infringement on November 24, 2021. (DE 1). Defendant was served on December 1, 2021. (DE 6). Defendant did not appear or otherwise defend this action, and the Clerk entered default against Defendant on January 18, 2022. (DE 10). Plaintiff

timely filed the instant Motion seeking default final judgment. (DE 13).[1]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend within the required time. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where the amount of damages requested is "a liquidated sum or one capable of mathematical calculation," no hearing is needed. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted). Affidavits can be used to "establish[] the necessary facts" relating to damages. *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (quoting *Freeman*, 605 F.3d at 857).

---

[1] I note that Plaintiff filed affidavits in support of this Motion (DE 32, Ex. A & B), which I only consider with respect to the damages calculation (Ex. A) and attorney's fees (Ex. B).

### III.    DISCUSSION

Because the Clerk entered default against Defendant, Plaintiff's well-pleaded allegations are deemed admitted. Accordingly, I must first determine whether the Complaint pleads sufficient facts to impose liability before turning to the issue of damages.

#### A.  Liability

The Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Copyright infringement has two elements: '(1) ownership of a valid copyright, and (2) copying of [protectable] elements.'" *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1320 (11th Cir. 2016) (citation omitted) (alteration in original).

With respect to the first element, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010). A certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *Id.* (quoting 17 U.S.C. § 410(c)). "Once a plaintiff produces a valid registration, the burden shifts to the defendant to establish that 'the work in which the copyright claimed is unprotectable.'" *Id.* (citation omitted). Here, Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights and was assigned a registration number. (DE 1 at 10–16). Defendant's default forecloses any challenge of Plaintiff's registration and ownership of a valid copyright. The first element is thus satisfied.

With respect to the second element of a copyright infringement claim, the copying element, two components are required. *Latimer*, 601 F.3d at 1233. First, a plaintiff must demonstrate that

the defendant copied the plaintiff's work "as a factual matter." *Id.* This is either demonstrated by "direct proof of copying" or "by demonstrating that the defendant[] had access to the copyrighted work and that the works are 'substantially similar.'" *Home Designs*, 825 F.3d at 1321 (citation omitted). Second, the plaintiff must establish that "the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Latimer*, 601 F.3d at 1233 (citation and internal quotation marks omitted). Here, Plaintiff alleges that Defendant obtained and utilized the Work without authorization. (DE 1 ¶ 28). Plaintiff's allegations are supported by the screenshot of Defendant's website compared with an image of the Work, which indeed depicts Defendant's use of the Work. (*See* DE 1 at 19–20); *see Latimer*, 601 F.3d at 1233 (finding actual copying to be "undisputed" and "substantial similarity" to be "not an issue" when a defendant published photographs that were "indistinguishable from [the plaintiff's] original photographs"). Therefore, the copying element is satisfied, and Plaintiff's Complaint establishes both elements of a copyright infringement claim.

### B. Damages

Having established that Plaintiff's well-plead allegations establish liability for a copyright violation, I now turn to damages. A copyright owner "may recover either his 'actual damages and any additional profits of the infringer' or statutory damages of (1) up to $30,000 per work, or (2) up to $150,000 per work if the infringement was willful." *Pronman v. Styles*, 676 F. App'x 846, 848 (11th Cir. 2017) (quoting 17 U.S.C. § 504(a)–(c)). Statutory damages are generally "awarded when no actual damages are proven, or actual damages and profits are difficult or impossible to calculate." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990). Plaintiff has elected to recover statutory damages and argues that Defendant's conduct was

willful thereby increasing the maximum allowable amount of statutory damages under § 504(c)(2).
(DE 1 ¶ 30; DE 13 at 8–9).

Infringement is willful within the meaning of § 504(c)(2) when "the defendant 'knows his actions constitute an infringement; the actions need not have been malicious,'" *Cable/Home Commc'n Corp.*, 902 F.3d at 851 (internal citation omitted), or when the defendant acts with "reckless disregard for the possibility that one's actions are infringing a copyright." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272 (11th Cir. 2015). Here, Plaintiff sent at least one written notice of infringement to Defendant apprising Defendant of its unauthorized use and attempting to negotiate a reasonable fee for past use, to which Defendant did not respond. (DE 1 ¶ 23; DE 13, Ex. A. ¶ 19). After retaining counsel but prior to filing this action, Plaintiff's counsel again notified Defendant of its infringement by sending a pre-suit demand letter to Defendant via email and Federal Express. (DE 13, Ex. A ¶ 20). As of the filing of this Motion, Plaintiff represents that the unauthorized use of the Work remained on Defendant's website. (DE 13 at 8).  Defendant was notified of its unauthorized use, ignored that notice, and continued its unauthorized use of the Work. I therefore find that Defendant's infringement was willful within the meaning of § 504(c)(2).[2] Accordingly, the maximum amount of allowable statutory damages is $150,000.

"The courts have wide discretion in awarding damages within the statutory range provided in § 504(c)." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1260–61 (11th Cir. 2014). Appropriate factors to consider include: "the profits [the defendant] earned because of the infringement; the revenues that [the plaintiff] lost because of the infringement; the difficulty of proving [the plaintiff's] actual damages; the circumstances of the infringement; whether [the

---

[2] Courts in this district also infer willful infringement from a defendant's default. *E.g.*, *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003); *Corson v. Gregory Charles Interiors, LLC*, 2020 WL 6323863, * 2 (S.D. Fla. Aug. 7, 2020).

defendant] intentionally infringed [the plaintiff's] copyright; and deterrence of future infringement." *MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1218 (11th Cir. 2021).

Plaintiff seeks $35,964 in statutory damages. Plaintiff arrived at this amount by taking $11,988, which it contends is the best estimate for its actual damages, and trebling that amount, which it contends is appropriate in the circumstances. Courts in this Circuit have looked to actual damages and utilized a multiplier to arrive at the appropriate amount of statutory damages. *See, e.g.*, *Affordable Aerial Photog., Inc. v. VisitWPB.Com, Inc.*, 2018 WL 6519104, *3 (S.D. Fla. Apr. 23, 2018); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994). In light of the "wide discretion" afforded to district courts in calculating statutory damages, *Broadcast Music*, 772 F.3d at 1260–61, I find this approach to be useful and I will apply it.

Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement," *Montgomery v. Noga,* 168 F.3d at 1295–96 n.19 (11th Cir.1999), which may include a retroactive license fee, measured by the amount the plaintiff would have earned for licensing the infringed work. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (quoting *On Davis v. The Gap, Inc.,* 246 F.3d 152, 166 (2d Cir.2001)). To include a retroactive licensing fee in actual damages, the plaintiff "must show that the thing taken had a fair market value." *Id.* (quoting *On Davis*, 246 F.3d at 166). Fair market value can be established by showing that the copyright owner has previously received compensation for the use of the work, or that licensors have paid for the use of works similar to the one infringed. *Id.* (citing *Davis*, 246 F.3d at 166). Here, Plaintiff provides access to its library at a price $999.00 per month with a minimum twelve-month contract commitment, meaning, a licensee must pay $11,988 for access to any of Plaintiff's photographs for any amount of time within a one-year period. (DE 13, Ex. A. ¶¶ 4–5). Plaintiff has numerous clients who pay this annual subscription fee. (*Id.* ¶ 4). While that

demonstrates that licensors have indeed licensed its library on an annual basis for $11,988, it is unclear whether any licensor has paid that amount to utilize a single photograph in the library. Nevertheless, I find $11,988 to be a useful proxy given the below-described difficulties in calculating with precision Plaintiff's actual damages.

First, the circumstances surrounding the infringement are somewhat unique in that Defendant infringed on a work that part of a larger collection and that is not typically licensed independent of that collection. The value of Plaintiff's library derives in large part from its semi-exclusive nature, meaning that every instance of unauthorized copying has some degree of impact on the value of the library as a whole. (DE 13, Ex. A. ¶¶ 4–8). Plaintiff devotes considerable effort to maintaining that exclusivity, including by retaining multiple employees whose jobs solely consist of identifying infringers, and the curation of a specific clientele so that Plaintiff can assure its clients that their competitors will not utilize the same photographs. (*Id.* ¶¶ 7–8, 17–18). Plaintiff does not offer subscriptions on any basis other than annual so as to avoid situations where clients purchase the entire library at one month's cost and then terminate the subscription service. (*Id.* ¶¶ 4–6). Nor does Plaintiff license individual photographs, as it determined that doing so diminishes the value of Plaintiff's subscription model. (*Id.* ¶ 7). It is therefore not easy to discern the value of an individual photograph, and the value of each individual photograph cannot be easily divorced from the library as a whole.

Further, Defendant's inaction and refusal to participate in this lawsuit has stymied Plaintiff's ability to fully and accurately assess its actual damages. For example, Plaintiff cannot discover any profits obtained by Defendant as a result of its infringement, which would have been recoverable as actual damages. *See* § 504(b) (requiring proof of gross revenue to establish the infringer's profits). It also prevents Plaintiff from knowing the full extent of Defendant's unauthorized use, for

example, whether Defendant infringed on Plaintiff's copyright prior to October 2021, which is the earliest date on which Plaintiff detected the infringement.[3] Had Plaintiff been able to conduct discovery and gather information on the scope of Defendant's infringement, actual damages would have likely been greater than the reasonable licensing fee for the Work.

Here, doubling $11,988 will appropriately account for the circumstances surrounding this infringement and the need for deterrence. Defendant's declination to participate in this litigation impeded the court's ability to calculate the total extent of Plaintiff's actual damages, including Defendant's profits. Defendant likely profited to some degree from its unauthorized use; Plaintiff alleges that Defendant made commercial use of the Work for at least one year, advertising the sale of "USA Prime Angus London Broil" on its website for $9.99 per pound. (DE 1 ¶¶ 15, 17). Further, as described above, Defendant's conduct was willful. And "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Commc'n Corp.*, 902 F.3d at 851 (internal quotation omitted). The need to deter future violations is an especially appropriate consideration here, given Defendant's default.

I decline, however, to award treble damages as Plaintiff requests. Trebling damages is neither codified in the Copyright Act nor required or encouraged by Eleventh Circuit precedent; rather, it is a tool district courts have found useful in an exercise of discretion based on the circumstances. An award of statutory damages should "deter[] but not destroy," and I find that

---

[3] When Plaintiff's staff discovers an existing (i.e., published and available for viewing on the internet) infringement of one of its photographs, Plaintiff creates an infringement notice on the date of discovery or within a few days. The infringement notice identifies the date of discovery, displays the subject photograph, and displays a screenshot of the infringer's alleged use together with a website URL (if available) where the infringement is located. The aforementioned infringement notices show that the Work was published by Defendant at least as of October 2021.

trebling actual damages here would be excessive. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). Therefore, based on the foregoing considerations, I find that Plaintiff is entitled to statutory damages in the amount of $23,976.00.

### C.  Permanent Injunction

Plaintiff additionally seeks a permanent injunction pursuant to § 502(a), which provides that courts "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a) "[A] permanent injunction does not automatically issue upon a finding of copyright infringement." *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enters. Int'l*, 533 F.3d 1287, 1323 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 392, (2006)). Rather, a plaintiff seeking a permanent injunction must meet the following four-factor test: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* (quoting *eBay*, 547 U.S. at 391).

Here, Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff for which money damages cannot fully compensate. Defendant's unauthorized use of Plaintiff's Work for commercial benefit impairs the market value of the Work, since others competing in that business or in related business areas will not want to obtain a license to Plaintiff's work if it is already associated with a competing business. Further, Defendant has continued to use the Work despite being made aware of its infringement, which bears on the likelihood of future infringement not easily remedied by damages. *See Pac. & So. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984) ("This is a classic case, then, of a past

infringement and a substantial likelihood of future infringements which would normally entitle the copyright holder to a permanent injunction against the infringer pursuant to . . . § 502(a).”). Defendant will face no hardship by an injunction, since its use of the Work is unauthorized, and the public interest will not be disserved by an injunction barring the unauthorized use of a copyrighted work. Therefore, a permanent injunction is warranted.

### D.  Attorney's Fees and Costs

Pursuant to 17 U.S.C. § 505, “the court in its discretion may allow the recovery of full costs by or against any party. . . the court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs.” Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full attorney's fees to Plaintiff is appropriate.

“The starting point for determining the amount of a ‘reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.’” *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). That “lodestar” may be adjusted after considering other factors. *See id.* (citations omitted). Under this method, the Court must determine whether the fee applicant has satisfied the burden of establishing that the requested hourly rate is reasonable. “A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.” *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). “Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.” *Id.* Plaintiff's counsel Mr. DeSouza's hourly rate is $450.00. (DE 13, Ex. B ¶ 10). In light of counsel's

experience (*see id.* ¶¶ 2–5), and the prevailing market rates, and Defendant's failure to oppose the reasonableness of the rate, I find that the proposed hourly rate of $450 is reasonable based upon the facts and circumstances of this case, including Defendant's default.

Turning to the number of hours, in determining the number of hours "reasonably expended," the Supreme Court requires fee applicants to exercise "billing judgment." *Hensley*, 461 U.S. at 434 (citations omitted). Therefore, attorneys "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Upon review of the billing records, I conclude that Plaintiff's counsel exercised such judgment. Plaintiff's counsel expended 4.5 hours in connection with this matter. Therefore, Plaintiff is entitled to $2,025.00 in attorney's fees.

Plaintiff also seeks an award of costs in the amount of $500.20. (DE 13 at 13). To the extent Plaintiff seeks taxable costs, it did not file a bill of costs in accordance with the Local Rules. *See* S.D. Fla. L.R. 7.3(c). To the extent Plaintiff seeks non-taxable costs, it did not "describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920." *See* S.D. Fla. L.R. 7.3(a)(6) (emphasis added). Plaintiff's request for costs is therefore denied without prejudice.

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)   Plaintiff's Motion for Default Final Judgment (DE 13) is **GRANTED IN PART**.

      (a)   Plaintiff is **AWARDED** $23,976.00 in statutory damages, and $2,025.00 in attorney's fees, for a total of **$26,001.00**.

      (b)   Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, are **PERMANENTLY ENJOINED** from directly or indirectly infringing Plaintiff's copyright of the Work or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity.

(c)     Plaintiff's request for costs is **DENIED WITHOUT PREJUDICE**.

(2)     Default Final Judgment will be entered by separate order.

**SIGNED** in Chambers, in West Palm Beach, Florida, this 22nd day of March, 2022.

Donald M. Middlebrooks
United States District Judge

Cc:     Counsel of Record

13